**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone: (619) 798-2006
Facsimile: (619) 343-2789

**Counsel for Plaintiff**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE ALTES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAMBAZON, INC.<br><br>Defendant. | Case No: _____<br>**Pleading Type: Class Action**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>**CAL. BUS. & PROF. CODE §§17200 *et seq.*;**<br><br>**CAL. BUS. & PROF. CODE §§17500 *et seq.*;**<br><br>**CAL. CIV. CODE §§ 1750 *et seq.*; and**<br><br>**BREACH OF EXPRESS AND IMPLIED WARRANTIES**<br><br>**NO JURY DEMAND** |

# **TABLE OF CONTENTS**

I.    Jurisdiction and Venue ................................................................................................ 1

II.    Nature of the Action .................................................................................................... 1

III.    Parties .......................................................................................................................... 2

IV.    Defendant's "Clean Caffeine" Claims Are Misleading. ............................................. 2

V.    Defendant Makes Unauthorized Nutrient Content Claims. ........................................ 3

VI.    Defendant's Practices Are "Unlawful" Within the Meaning of the California Unfair Competition Law. ....................................................................................................... 5

VII.    Defendant's Practices Are "Unfair" Within the Meaning of the California Unfair Competition Law. ....................................................................................................... 5

VIII.    Plaintiff's Purchases of Amazon Energy ................................................................... 6

XIII.    Class Action Allegations ............................................................................................ 7

CAUSES OF ACTION ............................................................................................... 8

XIV.    Prayer for Relief ....................................................................................................... 13

XV.    No Jury Demand ...................................................................................................... 14

Plaintiff Steve Altes, on behalf of himself, all others similarly situated, and the general public, by and through his undersigned counsel, hereby sues Defendant Sambazon, Inc. ("Sambazon" or "Defendant"), and upon information and belief and investigation of counsel, alleges as follows:

## I. JURISDICTION AND VENUE

1. The Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) (The Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and because more than two-thirds of the members of the class defined herein reside in states other than the state of which Defendant resides.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff Steve Altes suffered injuries as a result of Defendant's acts in this District, many of the acts and transactions giving rise to this action occurred in this District and Defendant: (1) is authorized to conduct business in this District and has intentionally availed itself of the laws and markets of this District through the distribution and sale of its products in this District; and (2) is subject to personal jurisdiction in this District.

## II. NATURE OF THE ACTION

3. Defendant manufactured, marketed, and sold Amazon Energy drink products ("Amazon Energy"). The packaging and website of Amazon Energy make for following improper and misleading claims:

- "clean caffeine"
- "antioxidant rich"
- "rich in antioxidants"

4. The Amazon Energy product's labeling, as used during the class period, violates specific FDA regulations, as detailed herein.

5. Plaintiff purchased and consumed Amazon Energy in this District during the Class Period.

## III. PARTIES

6. Defendant is a Delaware corporation with its principal place of business in San Clemente, California.

7. Plaintiff is a citizen of California who repeatedly purchased Amazon Energy for personal and household consumption.

## IV. DEFENDANT'S "CLEAN CAFFEINE" CLAIMS ARE MISLEADING.

8. It is unlawful to manufacture or sell any food that is misbranded. 21 U.S.C. § 331(a), (b), (c), & (g).

9. A food is misbranded "[i]f its labeling is false or misleading in any particular." 21 U.S.C. § 343(a) (misbranded food).

> If an article is alleged to be misbranded because the labeling or advertising is misleading, then in determining whether the labeling or advertising is misleading there shall be taken into account (among other things) not only representations made or suggested by statement, word, design, device, or any combination thereof, but also the extent to which the labeling or advertising fails to reveal facts material in the light of such representations or material with respect to consequences which may result from the use of the articles to which the labeling or advertising relates under the conditions of use prescribed in the labeling or advertising thereof or under such conditions of use as are customary or usual.

21 U.S.C. § 321(n).

10. In addition, "[l]abeling of a food . . . product shall be deemed to be misleading if it fails to reveal facts that are: . . . Material in light of other representations made or suggested by statement, word, design, device or any combination thereof" or "Material with respect to consequences which may result from use of the article under: (i) The conditions prescribed in such labeling or (ii) such conditions of use as are customary or usual." 21 C.F.R. § 1.21(a). *See also* Cal. Health & Saf. Code §§ 110660, 110765, 110770 (prohibiting manufacture, distribution, and sale of misbranded food).

11. During the Class Period, the Amazon Energy products claimed they contained "clean caffeine." This implies a distinction between the "clean caffeine" of

Amazon Energy and the "unclean" caffeine of competing products, when there is no such thing as "clean caffeine." Amazon Energy is therefore misbranded because it is misleading in that particular.

## V. DEFENDANT MAKES UNAUTHORIZED NUTRIENT CONTENT CLAIMS.

12. "A claim that expressly or implicitly characterizes the level of a nutrient . . . may not be made on the label or in labeling of foods unless the claim is made in accordance with this regulation . . . ." 21 C.F.R. § 101.13(b). "An expressed nutrient content claim is any direct statement about the level (or range) of a nutrient in the food, e.g., 'low sodium' or 'contains 100 calories.'" 21 C.F.R. § 101.13(b)(1).

13. However,

> A nutrient content claim that characterizes the level of antioxidant nutrients present in a food may be used on the label or in the labeling of that food when:
>
> (4) The names of the nutrients that are the subject of the claim are included as part of the claim (e.g., "high in antioxidant vitamins C and E"). Alternatively, when used as part of a nutrient content claim, the term "antioxidant" or "antioxidants" (as in "high in antioxidants") may be linked by a symbol (e.g., an asterisk) that refers to the same symbol that appears elsewhere **on the same panel** of a product label followed by the name or names of the nutrients with recognized antioxidant activity. The **list of nutrients shall appear in letters of a type size height no smaller than the larger of one-half of the type size of the largest nutrient content claim or 1/16 inch**.

21 C.F.R. § 101.54(g).

14. Here, Amazon Energy makes the claims on its label that it is "antioxidant rich" and "rich in antioxidants."

15. However, the product fails to include on the same panels a list of the nutrients with the recognized antioxidant activity in a font that is at least one-half of the type size of the largest nutrient content claim or 1/16 inch. Accordingly, the antioxidant nutrient content claims are unauthorized.





CLASS ACTION COMPLAINT

## VI. DEFENDANT'S PRACTICES ARE "UNLAWFUL" WITHIN THE MEANING OF THE CALIFORNIA UNFAIR COMPETITION LAW.

16. Here, Defendant violates 21 U.S.C. § 331(a), (b), (c), & (g) because it manufactures, advertises, distributes, and sells a product that is misbranded. Accordingly, Defendant's business practices are unlawful under the meaning of California's Unfair Competition Law.

## VII. DEFENDANT'S PRACTICES ARE "UNFAIR" WITHIN THE MEANING OF THE CALIFORNIA UNFAIR COMPETITION LAW.

17. Defendant's practices as described herein are "unfair" within the meaning of the California Unfair Competition Law because its conduct is immoral, unethical, unscrupulous, and substantially injurious to consumers, and the utility of this conduct to Defendant does not outweigh the gravity of the harm to Defendant's victims.

18. Plaintiff's claims for unfair business practices are independent of his claim for false advertising. Even absent the non-compliance with FDA regulations, the sale of Amazon Energy violated the UCL and the implied warranty of merchantability.

19. In particular, while the unlawful sale of Amazon Energy may have had some utility to Defendant in the form of increased profits, this utility was small and far outweighed by the gravity of the harm Defendant inflicted on consumers.

20. Defendant's conduct injured competing manufacturers and sellers of energy drink products that do not engage in its unfair behavior.

21. Moreover, Defendant's practices violated public policy as declared by specific constitutional, statutory, or regulatory provisions, including the FDCA.

22. Further, the injury to consumers from Defendant's practices is substantial, not outweighed by benefits to consumers or competition, and not an injury consumers themselves could reasonably have avoided.

## VIII. PLAINTIFF'S PURCHASES OF AMAZON ENERGY

23. Amazon Energy was placed into interstate commerce by Defendant and sold throughout the country and California with Defendant's knowledge it did not comply with FDA regulations and contained misleading statements.

24. Plaintiff purchased Amazon Energy approximately four times annually for four years.

25. Plaintiff most recently purchased Amazon Energy in or around February 2019.

26. The most frequent location of Plaintiff's purchases of Amazon Energy was the Whole Foods at 24130 Valencia Blvd, Santa Clarita, CA 91355.

27. Plaintiff first discovered Sambazon's unlawful acts around February 2019, when he learned that Amazon Energy was fraudulently marketed.

28. Plaintiff, in the exercise of reasonable diligence, could not have discovered earlier Sambazon's unlawful acts described herein because the illegality of Amazon Energy was known to Defendant, but not to him, throughout the Class Period defined herein. Plaintiff is a lay consumer who did not have the specialized knowledge of FDA regulations or different varieties of caffeine.

29. Plaintiff relied on the claims on Amazon Energy's label as a substantial factor in his purchases of Amazon Energy. Plaintiff would not have purchased Amazon Energy absent Defendant's unfair, deceptive, and unlawful conduct.

30. Plaintiff purchased Amazon Energy believing it had the qualities he sought based on the product's deceptive labeling and the natural assumption that food sold in stores by large companies would not be mislabeled.

31. Instead, Amazon Energy was actually unsatisfactory to Plaintiff for the reasons described herein.

32. Amazon Energy costs more than similar products without false and misleading labeling, and would have cost less and demanded less in the marketplace absent Defendant's false and misleading statements and material omissions. Plaintiff lost

money as a result of Defendant's conduct because he purchased products that were unfairly offered for sale in violation of federal and California law.

## XIII. CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and all others similarly situated (the "Class"), excluding Defendant's officers, directors, and employees, and the Court, its officers and their families.

34. The **Class** is defined as follows:

> All citizens of California who purchased in Sambazon, Inc.'s Amazon Energy drinks in California since January 1, 2010.

35. Questions of law and fact common to Plaintiff and the Class include:

   a. Whether Defendant's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers;

   b. Whether the slight utility Defendant realizes as a result of its conduct outweighs the gravity of the harm the conduct causes to its victims;

   c. Whether Defendant's conduct violates public policy as declared by specific constitutional, statutory, or regulatory provisions;

   d. Whether the injury to consumers from Defendant's practices is substantial;

   e. Whether Amazon Energy was misbranded in violation of FDA regulations;

   f. Whether Amazon Energy made unauthorized nutrient content claims;

   g. Whether members of the Class are entitled to restitution, rescission, and attorney fees and costs;

   h. Whether members of the Class are entitled to prejudgment interest, and how that interest is to be calculated; and

   i. Whether members of the Class are entitled to any further relief.

36. Plaintiff's claims are typical of Class members' claims because all Class members were subjected to the same unlawful, unfair, and deceptive conduct when they purchased Amazon Energy and suffered the same economic injury.

37. The Class is sufficiently numerous, as it includes thousands of individuals who purchased Amazon Energy throughout California during the Class Period.

38. Class representation is superior to other options for the resolution of the controversy. The relief sought for each Class member is small, as little as two dollars for some Class members. Absent the availability of class action procedures, it would be infeasible for Class members to redress the wrongs done to them.

39. Questions of law and fact common to the Class predominate over any questions affecting only individual members.

## CAUSES OF ACTION

### First Cause of Action

### Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*

40. In this and every cause of action, Plaintiff realleges and incorporates by reference each and every allegation contained elsewhere in the Complaint, as if fully set forth herein.

**Unfair Conduct**

41. The business practices and omissions of Defendant as alleged herein constitute "unfair" business acts and practices in that Defendant's conduct is immoral, unethical, unscrupulous, and substantially injurious to consumers and the utility of its conduct, if any, does not outweigh the gravity of the harm to Defendant's victims.

42. Further, Defendant's practices are unfair because they violate public policy as declared by specific constitutional, statutory, or regulatory provisions, including those embodied in the FDCA and FDA regulations.

43. Moreover, Defendant's practices are unfair because the injury to consumers from Defendant's practices is substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided or should be obligated to avoid.

**Unlawful Conduct**

44. Defendant's conduct violates 21 U.S.C. § 331(a), (b), (c) & (g) because Amazon Energy drinks are misbranded due to its misleading claims and unauthorized nutrient content claims.

45. Defendant's conduct further violates the following sections of California's Sherman Law governing food safety and marketing:

   a. Health & Saf. Code § 110395, "It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food . . . that is falsely advertised.";

   b. § 110398, "It is unlawful for any person to advertise any food, drug, device, or cosmetic that is adulterated or misbranded.";

   c. § 110400, "It is unlawful for any person to receive in commerce any food . . . that is falsely advertised or to deliver or proffer for delivery any such food . . . .";

   d. § 110670, "Any food is misbranded if its labeling does not conform with the requirements for nutrient content or health claims as set forth in Section 403(r) (21 U.S.C. Sec. 343(r)) of the federal act and the regulations adopted pursuant thereto.";

   e. § 110680, "Any food is misbranded if its labeling or packaging does not conform to the requirements of Chapter 4 (commencing with Section 110290).";

   f. § 110760, "It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food that is misbranded.";

   g. § 110765, "It is unlawful for any person to misbrand any food."; and

   h. § 110770, "It is unlawful for any person to receive in commerce any food that is misbranded or to deliver or proffer for delivery any such food."

46. The label of Amazon Energy thus constitutes a violation of the FDCA and the Sherman Law and, as such, violated the "unlawful prong" of the UCL.

47. Had Plaintiff been aware of Defendant's unlawful tactics, he would not have purchased Amazon Energy.

48. Defendant's unlawful acts allowed them to sell more units of Amazon Energy than it would have otherwise, and at a higher price, and higher margin.

49. Plaintiff seeks an order for the disgorgement and restitution of all revenue received by Defendant from the sale of Amazon Energy.

**Fraudulent Conduct**

50. Cal. Bus. & Prof. Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

51. The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute "fraudulent" business acts and practices in that Defendant's conduct has a likelihood, capacity or tendency to deceive Plaintiff, the Class, and the general public.

52. In accordance with Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and fraudulent acts, requiring Defendant to commence a corrective advertising campaign, awarding restitution of all monies from the sale of the Amazon Energy products in an amount of $15 million or a greater amount to be proven at trial, and awarding attorney fees and costs.

**Second Cause of Action**

**California False Advertising Law, Bus. & Prof. Code §§ 17500 *et seq*.**

53. In violation of Cal. Bus. & Prof. Code §§ 17500 *et seq*., the advertisements, labeling, policies, acts, and practices described herein were designed to, and did, result in the purchase and use of Amazon Energy without the knowledge that Defendant misleadingly advertised the product as containing a variety of caffeine with added value when, in fact, there was nothing special about the caffeine used by Defendant.

54. Defendant knew and reasonably should have known that the claims made on the label and website of the Amazon Energy products were false and misleading.

55.     Plaintiff seeks an order enjoining Defendant from continuing to falsely and misleadingly advertise the Amazon Energy products, requiring Defendant to commence a corrective advertising campaign, awarding restitution of all monies from the sale of the Amazon Energy products in an amount of $15 million or a greater amount to be proven at trial, and awarding attorney fees and costs.

## Third Cause of Action

## Breach of Express Warranty

56.     Defendant made written representations to the public, including Plaintiff, with its front label "clean caffeine" claim.

57.     These promises and related promises printed on the label became part of the basis of the bargain between the parties and thus constituted an express warranty.

58.     Thereon, Defendant sold the goods to Plaintiff and other consumers.

59.     However, Defendant breached this express warranty in that Amazon Energy does not contain a variety of caffeine with added value but, in fact, contains regular caffeine.

60.     As a result of this breach, Plaintiff and other consumers did not receive goods as warranted by Defendant.

61.     As a proximate result of this breach of warranty by Defendant, Plaintiff and other consumers have been damaged in an amount to be determined at trial.

## Fourth Cause of Action

## Breach of Implied Warranty of Merchantability

62.     Defendant, through its acts and omissions set forth herein, in the sale, marketing and promotion of the Amazon Energy products, represented that such products contained a variety of caffeine with added value when, in fact, there was nothing special about the caffeine used by Defendant.

63.     Plaintiff and the Class bought the Amazon Energy products manufactured, advertised, and sold by Defendant, as described herein.

64.     Defendant is a merchant with respect to the goods of this kind which were

sold to Plaintiff and the Class, and there was in the sale to Plaintiff and other members of the Class an implied warranty that those goods were merchantable.

65. Defendant breached that implied warranty, however, in that these Amazon Energy products do not conform to the representations on their labels and the websites, as set forth in detail herein.

66. As an actual and proximate result of Defendant's conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that they did not conform to the promises and affirmations made on the container or label of the goods or the website.

67. Plaintiff and the Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of amount of $15 million or a greater amount to be proven at trial.

## Fifth Cause of Action

**California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.***

68. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

69. The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

70. Defendant's policies, acts, and practices were designed to, and did, result in the purchase and use of the Amazon Energy products primarily for personal, family, or household purposes, and violated and continue to violate the following sections of the CLRA:

   a. § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;
   b. § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;
   c. § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

      d. § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

71. In compliance with Civ. Code § 1782, Plaintiff sent Defendant written notice of his claims on April 9, 2019. Pursuant to section 1782 *et seq.* of the CLRA, Plaintiff notified Defendant in writing by certified mail of the particular violations of § 1770 of the Act as to misleading claims and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act. Defendant's wrongful business practices regarding Amazon Energy constituted a course of conduct in violation of the CLRA.

72. Defendant received Plaintiff's written notice on April 15, 2019 and sent a response on April 22, 2019.

73. In accordance with Cal. Civ. Code § 1980(a), Plaintiff seeks an order enjoining Defendant from continuing to falsely and misleadingly advertise the Amazon Energy products and to commence a corrective advertising campaign, awarding restitution of all monies from the sale of the Amazon Energy products, awarding damages in an amount of $15 million or a greater amount to be proven at trial, and awarding attorney fees and costs.

## XIV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for judgment against Defendant as follows:

A. An order confirming that this class action is properly maintainable as a class action as defined above, appointing Plaintiff and his undersigned counsel to represent the Class, and requiring Defendant to bear the cost of class notice;

B. Actual and punitive damages;

C. An order requiring Defendant to pay restitution to Plaintiff and class members so that they may be restored the money which Defendant acquired by means of any unfair, deceptive, unconscionable, fraudulent, and negligent acts;

D.   An award of pre-judgment and post-judgment interest;

E.   An award of attorney fees and costs; and

F.   Such other and further relief as this Court may deem just, equitable, or proper.

## XV.   NO JURY DEMAND

Plaintiff does not demand a trial by jury.

DATED: July 8, 2019                         Respectfully Submitted,

/s/ Gregory S. Weston
**THE WESTON FIRM**
GREGORY S. WESTON
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone:   (619) 798-2006
Facsimile:   (619) 343-2789

**Counsel for Plaintiff**